```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Norman Lombardo, et al.

   v.	Case No. 16-cv-160-SM

Federal National Mortgage
Association, et al.

## REPORT AND RECOMMENDATION

The plaintiffs, Norman and Kimberly Lombardo, brought this action in state court against the defendants, Federal National Mortgage Association ("Fannie Mae") and Ditech Financial LLC ("Ditech"), seeking to void a foreclosure sale. The defendants removed the case to federal court, and the plaintiffs subsequently amended their complaint to include several additional counts under state and federal law. Before the court for Report and Recommendation is the defendants' motion to rescind foreclosure sale and reinstate the mortgage. (Doc. no. 17.) The plaintiffs object to rescission as requested by the defendants. (Doc. no. 19.) The court held a hearing on November 4, 2016. For the following reasons, the court recommends that the district judge deny the defendants' motion without prejudice.

## Background[1]

On March 17, 2016, Fannie Mae conducted a foreclosure sale and agreed to purchase property in Derry, New Hampshire. At that time, the plaintiffs held a mortgage to the property, but were in default and pursuing a loan modification. The plaintiffs contend that they accepted a loan modification offer from the defendants prior to the foreclosure sale. The defendants dispute this assertion.

On March 30, 2016, the plaintiffs filed this action in state court, seeking to void the foreclosure sale and prevent Fannie Mae from recording the foreclosure deed. On that same date, the state court issued an order temporarily enjoining Fannie Mae from recording the foreclosure deed and permitting the plaintiffs to record a *lis pendens*. The plaintiffs recorded the *lis pendens* with the registry of deeds on April 6, 2016. The foreclosure deed has not been recorded.

## Discussion

The defendants request that the court "exercise its equitable powers and rescind the foreclosure sale, restore the [m]ortgage to its pre-foreclosure priority, and dissolve the *lis pendens*." (Doc. no. 17, ¶ 14.) At the hearing, the defendants

---

[1] The following background is derived from the record. It is provided for the purposes of context and should not be construed as findings of fact on the part of the court.

contended, among other things, that this relief is appropriate because it is consistent with the plaintiffs' own request that the foreclose deed be deemed void.

In response, the plaintiffs contend that the defendants are not entitled to rescission because they never requested such relief in a counterclaim. The plaintiffs further argue that rescission is not appropriate because there is a legitimate factual dispute as to how to return the parties to the status quo. The plaintiffs contend that this factual dispute is central to the merits of their claims: namely, whether the plaintiffs had properly and completely accepted a loan modification offer from the defendants before the foreclosure sale occurred.[2]

"'Rescission is an equitable remedy the granting of which is always a matter within the sound discretion of the trial court, depending upon the circumstances of each particular case.'" Faiella v. Green Tree Servicing LLC, No. 16-CV-088-JD, 2016 WL 4530452, at *1 (D.N.H. Aug. 29, 2016) (quoting Ellis v. Candia Trailers & Snow Equip., Inc., 164 N.H. 457, 462 (2012)).

---

[2] The plaintiffs also raise concerns that granting the defendants' motion might have a preclusive effect on some or all of the plaintiffs' additional claims in their amended complaint. At the hearing, the defendants suggested that this would not be the case. As this issue has not been fully briefed or argued, and its resolution is not necessary to reach the present recommendation, the court will not address it further herein.

In order to rescind a transaction, "'the court must determine that the respective parties can be returned to the status quo.'" Id. (quoting Derouin v. Granite State Realty, Inc., 123 N.H. 145, 147 (1983)).  Such a determination "'rests upon the relative equities of the parties as determined by the trial court.'"  Id. (quoting Derouin, 123 N.H. at 147-48).  "A court should grant rescission 'only when in all the circumstances it appears right and just to the parties to do so.'"  Id. (quoting Mooney v. Nationwide Mut. Ins. Co., 149 N.H. 355, 357 (2003)).

At present, the record is insufficiently developed for the court to determine whether rescission would return the parties to the status quo.  The court therefore recommends that the district judge deny the defendants' motion.

The court recommends that this denial be without prejudice.  If, going forward, the defendants determine that a factual basis has developed to support the rescission of the foreclosure sale, the court recommends that they be allowed to renew their request for such relief at that time.  Similarly, should the plaintiffs object to such a request, the court recommends that they be allowed to re-raise, as part of their objection, a contention that the defendants are not entitled to this relief because they have not brought a claim against the plaintiffs seeking rescission in this case.  Finally, if the parties reach a stipulation of specific facts supporting a rescission of the

foreclosure sale, the court recommends that they be allowed to jointly move to rescind and submit the stipulation in support of such a request.  Absent a specific factual basis for rescission, however, this court cannot recommend that the district judge exercise his equity authority to order this relief.

## Conclusion

For the foregoing reasons, the court recommends that the district judge deny the defendants' motion to rescind foreclosure sale and restore mortgage (doc. no. 17) without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

November 15, 2016

cc:   Mary F. Stewart, Esq.
      Amy B. Hackett, Esq.